**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>MONTEREY FISH COMPANY, INC., et al.,<br><br>        Defendants. | Case No. 18-cv-01985-BLF<br><br>**ORDER GRANTING DEFENDANT STARBUCKS CORPORATION'S MOTION TO STAY CASE PENDING MOTION TO TRANSFER TO MDL PANEL**<br><br>[Re: ECF 12] |

    Plaintiff Scott Johnson ("Plaintiff") brings this action against Monterey Fish Company, Inc. ("Monterey Fish Co.") and Starbucks Corporation ("Starbucks") (collectively "Defendants") for violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act. *See* Complaint, ECF 1. Starbucks has filed a motion to stay all proceedings in this matter pending a ruling by the Judicial Panel on Multi District Litigation ("MDL Panel") in MDL No. 2849 on a motion to transfer this case, along with 20 other similar actions, to a single district for coordination of pretrial procedures pursuant to U.S.C. § 1407. *See* ECF 12 ("Mot."); ECF 13 ("Mem."). Plaintiff opposes Starbucks' motion to stay. ECF 22. [1]

    Pursuant to Civil L.R. 7-1(b), the Court finds Starbucks' motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for **June 7, 2018.** For the reasons set forth herein, the Court GRANTS Starbucks' motion and STAYS this case pending a ruling on Starbucks' motion before the MDL Panel.

**I.    LEGAL STANDARD**

    "Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, No. C 09-2493TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the

---

[1] Monterey Fish Co. has not yet appeared in this action.

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted))).

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original). These factors are drawn from the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). *Id.*

## II. DISCUSSION

Starbucks has moved for a stay of this case pending a ruling by the MDL Panel on its motion to consolidate this case with related litigation brought by Plaintiff against Starbucks stores throughout California for violations of the ADA. *See generally* Mem. The Court agrees with Plaintiff that filing a motion before the MDL Panel alone does not result in an automatic stay of proceedings in this Court. *See* ECF 22. However, the Court finds that under the *Landis* factors, a stay of this case is appropriate as it serves the interests of judicial economy and efficiency.

Because this is an ADA case, this Court's General Order 56 already stays litigation pending a joint site inspection and mediation process. Plaintiff argues that General Order 56 supports denying a stay at this juncture, because there is no risk of inconsistent rulings or wasted judicial resources. *See* ECF 22. In its reply, Starbucks argues that the joint site inspection is precisely the type of pretrial proceeding that should be temporarily paused for the limited duration of the pendency of the MDL Motion. *See* Reply, ECF 24.

The Court has considered the three *Landis* factors and finds that they all weigh in favor of granting a limited stay. First, Plaintiff has not argued that he would be prejudiced if this Court granted Starbucks' motion. *See Gustavson*, 2014 WL 6986421, at *2. As to the second factor, Starbucks has identified at least some hardship or inequity that it would suffer if it was required to

go forward in this Court while the MDL Panel reviews its motion. *See* Reply at 4. The Court finds that requiring Starbucks to engage in initial disclosures, a joint site inspection, and settlement discussions while it seeks to resolve such issues on a consolidated basis, would defeat the purpose of transfer and consolidation if the MDL Panel ultimately grants Starbucks' motion.

The third *Landis* factor also favors granting Starbucks' motion. Granting a stay pending a resolution on Starbucks' motion to transfer and consolidate will promote consistency and judicial economy. *See* Mem. at 5. Although Plaintiff argues that no judicial resources would be wasted if the parties proceed under the General Order 56 process, he does not address Starbucks' concern that proceeding in this action could result in inconsistencies with the other cases that may ultimately be transferred and consolidated before a different court. Moreover, the only authority cited by Plaintiff in support of denying a stay is *Rivers v. Walt Disney Co.*, where the court actually *granted* the plaintiffs' motion to stay pending an MDL Panel decision on consolidation. 980 F. Supp. 1358, 1360–62 (C.D. Cal. 1997). The *Rivers* court also noted: "[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Id*. at 1362.

For the foregoing reasons, the Court finds that a limited stay of this case pending a decision by the MDL Panel on Starbucks' motion to transfer and consolidate is appropriate.

**III.    ORDER**

The Court hereby ORDERS as follows:

(1)    Starbucks' Motion to Stay at ECF 12 is GRANTED;

(2)    This case is STAYED in its entirety pending resolution of Starbucks' motion before the MDL Panel;

(3)    Starbucks is ORDERED to notify this Court of the outcome of the MDL Panel's ruling within seven (7) days of a decision.

**IT IS SO ORDERED.**

Dated: May 25, 2018

BETH LABSON FREEMAN
United States District Judge

3